UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL A. JONES, also known as Rafael A.
Jones Sr.,

                              Plaintiff,

                  -against-

C.O. MIKE CORDOVA, *et al.*,

                              Defendants.

21-CV-1471 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently detained at the Anna M. Kross Center (AMKC) on Rikers Island,

brings this *pro se* action alleging that Defendants violated his rights through "e[x]tortion,

attempted murder, corrupt use of position of authority, [and] corrupting the government." (ECF

2, at 2.) By order dated March 8, 2021, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis* (IFP).[1] For the reasons set forth below, the Court

grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

_____

        [1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action arises out events that occurred (1) on January 23, 2021, at AMKC, and (2) on unspecified dates prior to Plaintiff's detention. Plaintiff names as Defendants Correction Officer Cordova, AMKC Warden Hallett, AMKC, and the City of New York. He seeks money damages.

The following facts are taken from the complaint: On January 23, 2021, Officer Cordova, who was stationed at an AMKC doorway when food trays were being delivered, maim[ed] the . . . food tray [and] laughed as he instituted and orchestrated the culinary warfare attack on [Plaintiff]." (ECF 2, at 4.) After the food was delivered, Cordova gave Plaintiff his food, which caused Plaintiff "to vomit repeatedly for hours." (*Id.*) Also "during these attacks," Cordova "[was seen on City camera[ ]s located on 175th St. [and] Townsend Ave, Bronx, NY, 10453, which is on [Plaintiff's] block." (*Id.* at 5.)

Plaintiff later learned, after "returning to Bellevue Hospital [on] Feb. 11th, 2021[,] . . . that [he will need] the ingy tube placed into [his] stomach for the rest of [his] life due to [Cordova's] negligent and criminal actions." (*Id.*) He also later "noticed that on the third shift, no matter which Housing Unit [he] moved to[,] Cordova would appear in them. Even on the wing where [Plaintiff] was locked in a cell and nearly stabbed." (*Id.*)

It also "[t]urns out [that Cordova] was the one who conspired in violations of . . . [the] R.I.C.O. Act to use his position of authority to corrupt the courts and defraud the domestic violence agencies to help him pull off Home Invasion and 1st degree robbery." (*Id.*) Cordova also "dated [Plaintiff's] ex . . . who issued the ex[ ]tortion threats, and [Cordova] was the one who paid off individuals on" one of Plaintiff's criminal cases. (*Id.* at 7.) Moreover, "[a] bank of correctional officers followed [Plaintiff] from Missouri, stating they have been trying to kill me since early 2000! 'Unquote Cordova!'" (*Id.* at 6.)

The complaint also asserts facts concerning events that occurred before and during Plaintiff's detention regarding an unnamed individual. He refers to "attempted extortion actions" concerning his arrest that led to his current detention. (*Id.* at 4.) Plaintiff contends that from January 1, 2021, to February 11, 2021, "'Mike Doe'" "was a state actor . . . who was using [his]

3

position of authority to corrupt [his] governmental agency into illegally and wrongfully charging [Plaintiff] with crimes to jail [him]." (*Id.*) Plaintiff also alleges that Mike Doe "somehow was com[ ]ing into [AMKC] paying off inmates to attack [Plaintiff]." (*Id.*)

Plaintiff contends that Warden Hallett negligently supervised Cordova by allowing Cordova "to move all over the institution to Housing Areas he's not scheduled to work in to target detainees for personal attempted murder acts." (*Id.*) He also alleges that "this is negligence by the City of New York for hiring individuals who use[ ] their facilities to carry out their criminal activities and . . . actually create false and criminal kidnapping . . . ." (*Id.* at 5-6.)

### DISCUSSION

**A.    Claims against AMKC**

Plaintiff's claims against AMKC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). As AMKC is a jail within the New York City Department of Correction, it is not an entity that can be sued. Thus, all claims against this defendant are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    42 U.S.C. § 1983**

Because Plaintiff brings claims against state actors, the Court construes the complaint as asserting these claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated,

and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## C.     Conditions-of-Confinement Claim

Plaintiff, who was a pretrial detainee at the time of the events giving rise to his claims, alleges that he suffered serious injury after eating a meal served at AMKC. The Court construes this allegation as asserting a conditions-of-confinement claim under the Fourteenth Amendment to the United States Constitution. A pretrial detainee can state a conditions-of-confinement claim under the Fourteenth Amendment by alleging that: (1) his conditions were objectively serious, and (2) the defendants "should have known that the condition posed an excessive risk to health or safety." *Darnell v. Pinero*, 849 F.3d 17, 35 (2d Cir. 2017). In the context of food-borne illnesses, a pretrial detainee who alleges that a defendant served him uncooked, rotten food, resulting in injuries, may state a claim under the Fourteenth Amendment. *See, e.g.*, *Pagan v. Westchester Cnty*, No. 12-CV-7669, 2014 WL 982876, at *17 (S.D.N.Y. Mar. 12, 2014).

Here, Plaintiff fails to state a conditions-of-confinement claim because he does not allege facts plausibly suggesting that any of the named defendants should have known of a risk of serious injury caused by the food served on January 23, 2021, and ignored that risk. Rather, Plaintiff suggests that Cordova tampered with his food because he was present when the food was delivered. But this speculative allegation is contradicted by Plaintiff's other allegation that Cordova was seen on camera at a different location during the same time period in which he allegedly was tampering with Plaintiff's food tray. Moreover, the allegation that Cordova was present when the food was delivered does not suggest that Cordova had any involvement with the preparation of, or contact with, the food. Thus, as presently alleged, the complaint does not state a conditions-of-confinement claim against Cordova.

D.     **Municipal Liability**

Plaintiff also fails to state a claim against the City of New York because his allegations do not suggest that the City itself violated any of his rights.

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.  *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Moreover, where a complaint includes only "a single incident . . . , especially if it involved only actors below the policy-making level, [the complaint] does not suffice to show a municipal policy." *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (quoting *Ricciuti v. N.Y. City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)) (internal quotation marks omitted).

Here, Plaintiff asserts that the City of New York should be held liable for allegedly allowing Cordova to tamper with his food. But this allegation is insufficient to state a claim against the City because, even assuming Cordova tampered with Plaintiff's food, a single incident is insufficient to show a municipal policy. *See DeCarlo*, 141 F.3d at 61.

E.     **Supervisory Liability**

Plaintiff also fails to state a claim against Warden Hallett because Plaintiff does not allege that this defendant was involved personally in violating any of his constitutional rights. To state a claim under § 1983, a plaintiff must allege facts showing a defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing that Warden Hallett was involved personally in violating his rights. Rather, he alleges that Hallett failed to supervise Cordova and that this alleged failure qualifies as another violation of his rights. Because this allegation does not suggest Hallett's direct involvement in the conditions-of-confinement claim – or any other claim – Plaintiff also fails to state a claim against this defendant.

F.     **Leave to Amend**

Because the defects in Plaintiff's complaint may be cured with an amended complaint, the Court grants Plaintiff an opportunity to submit an amended complaint showing that he is entitled to relief. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each

defendant.[2] If Plaintiff has an address for any named defendant, Plaintiff must provide it.

Plaintiff should include all of the information in the amended complaint that Plaintiff wants the

Court to consider in deciding whether the amended complaint states a claim for relief. That

information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. Plaintiff is granted leave to file an amended complaint that complies with the

standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se

Intake Unit within sixty days of the date of this order, caption the document as an "Amended

Complaint," and label the document with docket number 21-CV-1471 (LLS). An Amended Civil

---

[2] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff

fails to comply within the time allowed, and he cannot show good cause to excuse such failure,

the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    March 10, 2021
          New York, New York

                                             _Louis L. Stanton_
                                             Louis L. Stanton
                                             U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

AMENDED
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name          Middle Initial          Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                          State                          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____